HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| ZONIA SMITH | | Case No.  07-5343RBL |
| | Plaintiff, | |
| | | ORDER GRANTING DEFENDANT'S |
| v. | | MOTION FOR SUMMARY JUDGMENT |
| | | |
| PETE GEREN | | |
| | Defendant. | |

## I. SUMMARY

    This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. #11). The Defendant seeks a ruling that because the Plaintiff made untimely contact with an Equal Employment Opportunity Commission (EEOC) counselor and untimely filed her appeal of the Final Agency decision with the EEOC, the Plaintiff's Title VII claim should be dismissed.   The Plaintiff does not oppose this motion.  The Court hereby GRANTS Defendants' motion and DISMISSES this case.  The reasons for the Court's order are set forth below.

## II. BACKGROUND

    The following alleged facts are set forth in a light most favorable to Plaintiff as the non-moving party:

    The Plaintiff began working as a Program Analyst at Madigan Army Medical Center (MAMC) in 1987. When she began employment, she was a GS-9 federal employee.

In 2004, the Plaintiff met with her first-line supervisor, Steven Samuela, and asked that her position description be rewritten to capture all of her duties so that she could be promoted to a GS-11. Mr. Samuela and the Plaintiff worked together to rewrite her job description. Mr. Samuela forwarded the new job description to the Civilian Personnel Operations Center (CPOC) for a classification review. The CPOC concluded that the Plaintiff's position was properly classified at a GS-9 and a promotion was not warranted. Mr. Samuela informed the Plaintiff about this decision on November 17, 2004.

On November 5, 2005, nearly one year after the Plaintiff was denied promotion, she met with her supervisor, Lietenant Colonel (LTC) Michael Cook and presented him with a document that outlined how she was being discriminated against because she was African-American and Hispanic. *Complaint*, p. 1 (Dkt. #1). On November 7, 2005, she once again met with LTC Cook and insisted that she be promoted. LTC Cook indicated that she needed more training in order to be promoted. In addition, he reiterated that she would not be promoted based upon the accretion of duties.

On December 22, 2005, the Plaintiff met with an EEO counselor and raised an informal complaint that LTC Cook failed to promote her because of her race and national origin. On February 6, 2006, she filed a formal complaint with the EEOC.

The Department of the Army issued its final agency decision on February 14, 2006, dismissing the Plaintiff's complaint. The Plaintiff appealed the decision to the EEOC, which was denied. She requested reconsideration of the decision, which was denied on April 18, 2007.

The Plaintiff initiated this lawsuit against the Department of the Army by and through the Secretary of the Army Peter Geren on July 13, 2007 claiming unlawful discrimination under 42 U.S.C. §2000e *et seq.*

# III. DISCUSSION

## A.      Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.*, 68 F.3d at 1220.

## B.      The Plaintiff's Meeting with the EEO Counselor Was Untimely

Title VII of the Civil Rights Act of 1964 makes it unlawful for the federal government to discriminate in employment on the basis of race, color, gender, religion or national origin. 42 U.S.C. § 2000e *et seq.* Before filing suit, Title VII plaintiffs must timely exhaust their administrative remedies. *Id.* § 2000e-16(c). Specifically, EEOC regulations require that "aggrieved [federal employees] . . . initiate contact with an [EEOC] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Subsection (a)(2) of the regulation further provides that "[t]he agency or the [EEOC] shall extend the 45-day time limit. . .when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them... or for other reasons considered sufficient. . ." 29 C.F.R. § 1614.105(a)(2).   Failure to file a timely grievance may be fatal to a federal employee's discrimination claim. *Johnson v. United States Treasury Dep't.*, 27 F.3d 415, 416 (9th Cir. 1994) (judgment against the Plaintiff was appropriate because his complaint

to the EEO counselor was untimely); *Boyd v. United States Postal Serv.*, 752 F.2d 410, 414-15 (9th Cir. 1985) (plaintiff did not bring his grievance to the attention of the EEO counselor within the statutory period of the final personnel action, thus he was precluded from pursuing his claim in federal court).

In this case, it is undisputed that the alleged acts of discrimination occurred on November 17, 2004, and that the Plaintiff did not contact an EEO counselor until December 22, 2005. Accordingly, absent some exception to the exhaustion requirement, the Plaintiff's failure to invoke her administrative remedies for over 400 days from November 17, 2004, bars her claim.

      1.   <u>The Plaintiff Cannot Rehash Her Untimely Claim</u>

Even though the Plaintiff alleges that the date of discriminatory conduct occurred on November 7, 2005, she was merely using that meeting with LTC Cook to rehash her November 17, 2004 claim. The Plaintiff's discussion with LTC Cook in November 2005 does not constitute as a new act of discriminatory conduct.

Although the Ninth Circuit has not addressed the issue of whether a plaintiff can renew a claim by revisiting an old issue, other courts, including the U.S. Supreme Court, have ruled that it is improper to permit this conduct because it contravenes the purposes of a statutory pre-filing period. *See e.g., Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S.Ct. 2162, 2163 (2007) ( "The EEOC charging period is triggered when a discrete unlawful practice takes place. A new violation does not occur and a new charging period does not commence upon the subsequent nondiscriminatory acts that entail adverse effects from the past discrimination."); *Lever v. Northwestern Univ.*, 979 F.3d 552, 556 (7th Cir. 1992) ("An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination. If it were, then an employee could avoid the [filing period] by filing a series of appeals or fresh requests.").

Based on this precedent, it is clear that the Plaintiff cannot reinvigorate her claim simply by discussing the same issues with a different supervisor after the 45-day filing period.  The Plaintiff met with LTC Cook and revisited the same issues regarding a promotion from GS-9 to GS-11 and a job reclassification based on an accretion of duties--the same discussion she had with her first-line supervisor, Mr. Samuela, one year earlier. The Plaintiff's job responsibilities remained the same from the time of the classification review in December 2004 to her discussions with LTC Cook in November 2005.  According to the CPOC, once a classification review is complete, the results "will be the same each time a subsequent review is conducted unless there is a change of duties being performed."  *See* Exh. B to the Declaration of Patricia Gugin (Dkt. #11).

The only way the Plaintiff can support her claim is if she shows that her job responsibilities in fact changed between December 2004 to November 2005.  The Plaintiff does not provide evidence that her job responsibilities changed.  In fact, the Plaintiff does not respond to this motion. The Court considers this to be an admission that the Defendant's motion has merit.  *See* Local Rule CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as admission that the motion has merit.").  Based on the evidence before this Court, the Plaintiff was denied reclassification and promotion in December 2004.  Her attempt to revive her claim by asking for reclassification and promotion one year later does not create an additional act of discrimination.

The Court hereby GRANTS the Defendant's Motion for Summary Judgment and DISMISSES this action.

**C.    Notwithstanding the Plaintiff's Failure to Timely Meet with an EEOC Counselor, the Court Would Still Dismiss this Case Because the Plaintiff's Appeal of the Final Agency Decision Was Untimely**

Even if the Plaintiff's meeting with the EEO counselor was timely, she did not timely file her appeal of the EEOC's agency decision to deny her discrimination claim.  According to the pre-filing procedures, appeals from an agency decision "must be filed within 30 days of receipt of the dismissal, final action or

decision." 29 C.F.R. §1614.402(a).  The Plaintiff received her final decision on February 16, 2006.  Thus she had until March 20, 2006 to file her appeal.  She received instructions on where to send her notice of appeal.  The Plaintiff sent her appeal to the wrong location on March 16, 2006.  She did not send her appeal to the appropriate location until May 30, 2006.

> 1.   Equitable Tolling is Not Appropriate in this Circumstance

Although courts permit equitable tolling in Title VII lawsuits, *see, e.g., Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982),  this Court will not permit it in this case.  Equitable tolling is only appropriate if a claimant can show that an exceptional circumstances.  *See e.g., Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)(equitable tolling is proper if the claimant can show that he was physically or mentally incapacitated during the filing period).

The Court recognizes that this Plaintiff is proceeding pro se; however, the U.S. Supreme Court concludes that EEOC pre-filing requirements should be construed strictly.  *See Ledbetter v. Goodyear Tire & Rubber Co. Inc.*,  127 S.Ct. at 2170 ("[E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

In this case, the Plaintiff fails to exhaust her administrative remedies prior to suing the Department of the Army.  She needed to seek initial review of the Department of the Army's decision not to promote her before the EEOC rather than pursuing this matter in district court.  She received notice of appeal forms included with her Final Agency Decision, which clearly indicated where she needed to file her appeal.  She clearly knew the time limit for appeal and the address to file her appeal.  *See* Exh. I of the Declaration of Patricia Gugin (Dkt. #11).  Moreover, she does not provide any extraordinary reason for tolling.

The Court recognizes that the Plaintiff's untimely appeal of the Final Agency Decision may be the result of a clerical mistake.  The Plaintiff, however, does not respond to this motion and provide the Court with an explanation.  The Court considers this to be an admission that the Defendant's motion had merit.

## IV. CONCLUSION

For the reasons discussed above, the Court GRANTS the Defendants' Motion for Summary Judgment and hereby DISMISSES this case. The Plaintiff failed to exhaust her administrative remedies when she untimely met with an EEO counselor, and her appeal of the Department of Army's final decision to the EEOC was untimely.

IT IS SO ORDERED

DATED this 24th day of March, 2008.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE